# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| RICHMOND BROCK | CIVIL ACTION NO. 07-2125 |
| VS. | SECTION P |
| VENETIA MICHAELS, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

On December 5, 2007, *pro se* petitioner Richmond Brock, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of habeas corpus (28 U.S.C. §2254) attacking his 2002 convictions for aggravated burglary and second degree kidnapping. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was convicted of aggravated burglary and second degree kidnaping on July 25, 2002.  He was sentenced to serve concurrent sentences of 30 and 40 years.  He moved for an appeal and the appointment of appellate counsel. His motions were granted and the Louisiana Appellate Project was appointed to represent him on appeal.  Counsel appealed the convictions and sentences to the Second Circuit Court of Appeals arguing claims of sufficiency of the evidence and excessiveness of sentence. [doc. 7-2, pp. 7-23]

1

While his appeal remained pending, petitioner filed a *pro se* Application for Post-Conviction Relief in the Third Judicial District Court.  The district court denied relief; on July 16, 2003, petitioner sought review in the Second Circuit Court of Appeals. On August 7, 2003, the Second Circuit denied relief noting, "Applicant has a pending appeal and therefore under La. C.Cr.P. art. 924.1[1] he is barred from seeking any post-conviction relief at this time." *State of Louisiana v. Richmond Bock,* No. 37949-KH. [doc. 7-2, pp. 4-5]

On September 26, 2003, his convictions and sentences were affirmed and notice of judgment mailed to his attorney of record.  *State of Louisiana v. Richmond J. Brock*, No. 37,487 (La. App. 2 Cir. 9/26/2003), 855 So.2d 939.  [see doc. 7-2, p. 3] Sometime prior to March 29, 2004, petitioner corresponded with the Second Circuit Court of Appeals requesting information on the status of his appeal. On March 29, 2004, the Second Circuit advised him that his conviction and sentence had been affirmed on September 26, 2003, and that notice of judgment had been mailed to appellate counsel. [doc. 7-2, p. 3]

On April 6, 2004, petitioner mailed a *pro se* application for writs to the Louisiana Supreme Court.  The matter was docketed as 2004-KH-1036. [doc. 7-2, p. 1] On April 1, 2005, his writ application was denied. *State of Louisiana ex rel. Richmond J. Brock v. State of Louisiana*, 2004-1036 (La. 4/1/2005), 897 So.2d 590.[2]  Petitioner did not seek further direct review in the United States Supreme Court. [doc. 7, p. 1]

On February  10, 2004, petitioner submitted a *pro se* Motion for Production of

---

[1] La. C.Cr.P. art. 924.1 provides, "An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending."

[2] Petitioner is unable to produce a copy of this writ application. [doc. 9, p. 1]

2

Transcripts seeking free copies of the transcripts of the preliminary hearing and trial.  In support of his motion, he alleged that he was entitled to the documents "... as there is a particularized need, in that there has been prejudicial errors on the part of the trial court...," however he alleged no specific errors. [doc. 9, pp. 5-8] On February 17, 2004, his motion was denied. [doc. 9, p. 7]

On August 10, 2005, petitioner mailed a *pro se* pleading, which he described as an Application for Post-Conviction Relief, to the Third Judicial District Court. On December 27, 2005, petitioner corresponded to the Clerk of Court inquiring whether his pleading had been received. He was notified that the pleading was returned unfiled by the court because it was not on the proper form. [doc. 9, p. 4][3]

On January 23, 2006, he filed a *pro se* Application for Post-Conviction Relief in the Third Judicial District Court. [doc. 1-6 pp. 4-33][4] He raised six claims for relief: (1) due process and Sixth Amendment violation because petitioner was prohibited from cross-examining witnesses; (2) ineffective assistance of counsel (counsel failed to secure alibi witness); (3) ineffective assistance of counsel (failure to request jury instruction on the issue of "circumstantial evidence"); (4) ineffective assistance of counsel (failure to object to the trial court's failure to read a "no inference jury instruction and to request a cautionary instruction in regards to the use of a co-defendant's testimony"); (5) ineffective assistance of counsel (abandoned petitioner's

---

[3] Petitioner was unable to provide a copy of this pleading. [doc. 9, p. 1] Elsewhere, he alleged that the "... had pending post-conviction applications on file with the Third Judicial District Court for the Parish of Union between September 26, 2003, and January 23, 2006." [doc. 7, pp. 1-2] It must be presumed that this statement refers to this pleading and the Motion for Production of Documents, since petitioner has neither alleged the existence of, nor provided copies of any other pleadings. [doc. 9, pp. 5-8]

[4] Petitioner submitted his Application on the form approved by the Louisiana Supreme Court for such pleadings. Among other things, the form asks the applicant, "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court." Petitioner did not provide an answer to the question. [doc. 1-6, p. 6, ¶12]

3

theory of defense); (6) denial of right to appellate review and the right to a complete transcript. [doc. 1-6, p. 12] On September 8, 2006, the trial court denied his application for post-conviction relief.[5]

On September 29, 2006, petitioner notified the court of his intent to seek further review in the Second Circuit Court of Appeals. [doc. 1-6, p. 1]

On or about October 27, 2006, he submitted a *pro se* writ application to the Second

---

[5] In denying relief, the court noted, "Claims 1 and 6 were previously denied by this Court. Claims 2 through 5 were not raised on appeal and pursuant to La. C.Cr.P. art. 930.4(B & C) were procedurally improper therefore petitioner was ordered to articulate justification for his failure to timely raise these claims.

Claims 2 and 5 involve the same issue. Claim 2 was that defense counsel was unable to obtain the alibi witness though the witness was in fact subpoenaed. This witness was not available even when the appeal was filed months later. Petitioner alleges that this witness should have been secured by counsel and or a request for a continuance to locate him. Counsel in fact did request an opportunity to track down this witness and attempted to do so. This occurred while the jury waited. After some time both counsel and petitioner agreed to continue with the trial without the witness. The Court specifically addressed the defendant directly and the defendant confirmed his agreement to proceed. In claim 5, petitioner alleges that counsel abandoned the alibi defense by not putting on any other witness to support petitioner's alibi. Petitioner however does not specify any other person who could assist with this defense failing La. C.Cr.P. art. 926(3).

Petitioner's counsel proceeded with the evidence that it had available. The jury could not consider evidence not made a part of the record. Petitioner does not therefore allege a claim which would entitle him to relief. Even if accepted as true that counsel did not secure a witness, petitioner fails to show that counsel could or was supposed to. Petitioner moreover fails to show that counsel did not do all that he could to locate the witness or make them available for trial. Based on petitioner's application he was aware of this problem yet failed to raise it prior to the completion of the trial and though he has offered reasons for why he failed to raise it on appeal under La. C.Cr.P. art. 930.4(C) he clearly was aware of and failed to timely raise the issue under La. C.Cr.P. art. 9304(B). The Court sees no way these claim can succeed on the merits but for the various reasons mentioned above finds these claims procedurally barred and therefore DENIED.

Claim 3 is simply false on the fact of it. The record reflects that on page three of the Jury Instruction there is an instruction on circumstantial evidence which was read to the jury. This matter though raised under the Ineffective Assistance of Counsel claim involves an instruction of the court and whether or not it was appropriate. This matter could and would have been appropriately raised and addressed on appeal and, if a Motion to Quash or some other objection was found wanting, the issue of whether or not counsel was ineffective would be left for post conviction applications.  This claim is considered procedurally barred and therefore DENIED.

Claim 4, as with claim 3, involves the jury instructions. Petitioner's claim that an instruction should have been given that no inference be made concerning petitioner's failure to testify is specious. Petitioner admits in his reasons that he did in fact testify. On page one of the jury instructions the Court instructed the jury that the defendant is not required to prove that he is innocent. Petitioner here fails to allege a claim which if established would entitle him to relief. This claim is procedurally barred under La. C.Cr.P. art. 927(B) and 928 and therefore DENIED."  [doc. 1-6, pp. 2-3]

Circuit Court of Appeals arguing the same six claims raised in the district court; however, petitioner did not argue error on the part of the trial court with respect to the trial court's denial of his application for post-conviction relief either on procedural grounds or on the merits. [doc. 1-5, pp. 4-29] On December 18, 2006, petitioner filed a *pro se* Motion for Authorization to Supplement Argument by citing a *habeas corpus* case in the United States District Court for the Eastern District of Louisiana, *Geiger v. Cain*, Civil Action No. 05-0674, Section C, decided on November 28, 2006. [doc. 1-5, pp. 1-3]

On January 18, 2007, the Second Circuit Court of Appeals denied relief on the merits noting,

> The petitioner alleges various claims in his application for post-conviction relief; however, the petitioner fails to meet his burden of proof that relief should be granted on any of the alleged claims. La. C.Cr.P. art. 930.2; *State v. Berry*, 430 So.2d 1005 (La. 1983).

> Further, the petitioner's motion to supplement the record on claim number 4 (failure to request a jury instruction ) is denied. The petitioner failed to brief this claim in his original application to this court. We have reviewed the recently decided matter (*Geiger v. Cain*, No. 05-0674, (East. Dist. La., 11/28/06), 2006 WL 3469562) which the petitioner proposes to submit to this court. The testimony of the co-defendant witness in the petitioner's case was corroborated by several sources, and thus this case is inapposite. The Motion is denied.

> This application for supervisory writ of review is denied. *State of Louisiana v. Richmond Brock*, No. 42004-KH (La. App. 2 Cir. 1/18/2007). [doc. 1-4, p. 29]

On January 31, 2007, petitioner applied for writs in the Louisiana Supreme Court again arguing the original six claims for relief raised in his Application for Post-Conviction Relief. (In fact, petitioner's Supreme Court writ application consisted of some prefatory material attached to a duplicate copy of the writ application filed in the Second Circuit Court of Appeals.) [doc. 1-4,

5

pp. 2-28, see especially, pp. 5-27]

On November 9, 2007, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Richmond Brock v. State of Louisiana*, 2007-0313 (La. 11/9/2007), 967 So.2d 494. [doc. 1-4, p. 1]

Petitioner signed his federal *habeas* petition on November 29, 2007; he apparently deposited it with prison authorities for mailing on November 30, 2007; it was mailed on December 4, 2007, and received and filed on December 5, 2007. [doc. 1, p. 9; doc. 1-3, p. 24]

### Law and Analysis

### 1. Time Bar

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[6]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of

---

[6] Nothing in the record before the court suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. Nevertheless, on March 31, 2008, petitioner was advised, "To the extent that petitioner relies on one or more of these statutory tolling provisions, he should amend his pleading to provide argument and evidence in support of such a claim." Petitioner amended his pleadings on April 9, 2008, and alleged only that he was ignorant of the law and received no assistance from "jail counsel."

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir.

1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the

limitations period is tolled only for as long as the state application remains pending in the state's

courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-

year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

   Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals.

That court affirmed his conviction and sentence on September 26, 2003, and mailed Notice of

Judgment to petitioner's appellate counsel. See  *State of Louisiana v. Richard J. Brock*, 37,487

(La. App. 2 Cir. 9/26/2003), 855 So.2d 939. [see also doc. 7-2, p. 3]  Under Louisiana law,

petitioner had a period of 30 days from the date that the Second Circuit mailed notice of

judgment within which to seek further direct review in Louisiana's Supreme Court.[7]  Petitioner

did not seek further direct review in Louisiana's Supreme Court until April 6, 2004, when he

mailed an application for writ of *certiorari* to the Louisiana Supreme Court. [doc. 7-2, p. 1]

Therefore, petitioner's judgment of conviction and sentence "became final by ... the expiration of

the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the

mailing of Notice of Judgment by the Second Circuit or October 26, 2003.  See *Roberts v.

Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (If a defendant stops the appeal process before the

entry of judgment by the court of last resort, the conviction becomes final when the time for

seeking further direct review in the state court expires.); *Butler v. Cain*, — F.3d —, 2008 WL

---

[7]   See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a
judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original
judgment of the court of appeal..."

2514644 (5th Cir. June 25, 2008).  Under the AEDPA, petitioner had one year, or until October 26, 2004 to file his federal *habeas corpus* suit.

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation..." However, the record submitted by the petitioner establishes that he had no post-conviction or other collateral review pending between October 26, 2003 and October 26, 2004.[8]

As shown above, petitioner's untimely writ application remained pending in the Louisiana Supreme Court from April 6, 2004 [doc. 7-2, p.1] until April 1, 2005 [see *State of Louisiana ex rel. Richmond J. Brock v. State of Louisiana*, 2004-1036 (La. 4/1/2005), 897 So.2d 590], and petitioner may contend that he is entitled to tolling for the period of time that this pleading remained pending.  However, such an argument has no legal merit.  Recently, the Fifth Circuit Court of Appeals rejected just such an argument finding that the tolling provision codified at 28 U.S.C. §2244(d)(2) does not apply to untimely applications for *certiorari* on direct review. *Butler v. Cain*, 2008 WL 2514644.[9]

---

[8] Petitioner did have a Motion for Production of Documents pending for a week in February, 2004 [doc. 9, pp. 5-8]; however, such motions, since they do not challenge the judgment pursuant to which petitioner is incarcerated, do not serve to toll the one-year limitation period as they do not constitute an application for State post-conviction or other collateral review. See *Moore v. Cain*, 298 F.3d 361 (5th Cir.7/11/02).

[9] Nevertheless, even if petitioner were afforded the benefits of tolling during the pendency of his untimely application, the instant petition would be time-barred. This is so because a period of 162 days elapsed between October 26, 2003 (the date that his judgment became final by the conclusion of the time for seeking further direct review) and April 6, 2004, the date he filed his application for certiorari in the Louisiana Supreme Court. That application remained "pending" only until April 1, 2005 when the Supreme Court denied writs; thereafter a period of 297 days elapsed before petitioner filed his Application for Post-Conviction Relief on January 23, 2006. Thus, under a best case scenario, a period of 479 days elapsed un-tolled between finality of judgment and the filing of the instant habeas corpus petition. Petitioner did file a pleading on August 10, 2005; however, it appears that this pleading was rejected because it was not in proper form. As such, the pleading was not a "properly filed" application and could not toll limitations.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.[10]

## 3. Conclusion and Recommendation

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

---

[10] Petitioner may suggest that he was not informed that his conviction had been affirmed on direct appeal. To the extent that he claims attorney error justifying equitable tolling, his argument is without merit. "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002). Further, under Louisiana law, petitioner might have been able to have his direct appeal rights reinstated through an application for post-conviction relief. See *State v. Counterman*, 475 So.2d 336, 338-39 (La.1985) (the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the time for filing an appeal has expired, is an application for post-conviction relief filed in the district court of conviction), however, he did not do so. To the extent that his own ignorance of the law resulted in the untimely filing of his federal petition, petitioner is again unable to rely on equitable tolling since, ignorance of the law, even for an incarcerated *pro se* petitioner does not excuse prompt filing and provides no basis for equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999); see also *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir.2002); *Johnson v. Quarterman*, 483 F.3d 278, 286-87 (5th Cir. 2007).

9

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, July 1st, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE